_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
June 23, 2020

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*[Proposed] Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-S-20-12821-mkn |
|---|---|
| PETERSEN-DEAN, INC., | Chapter 11 |
| Debtor. | **ORDER PURSUANT TO 11 U.S.C. §§ 363, 1107 AND 1108: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**<br><br>Hearing Date: June 22, 2020<br>Hearing Time: 9:30 a.m. |

This Court, having reviewed and considered Debtor's *Emergency Motion For Order Pursuant to 11 U.S.C. §§363, 1107 and 1108 (I) Authorizing Continued Use of Prepetition Bank Accounts; and (II) Granting Related Relief* (the "Motion")[1]; which came on for hearing in the above-referenced matter on the 22nd day of June, 2020, Debtor appearing by and through its proposed counsel, the law firm of Fox Rothschild LLP; and notice of the Motion having been provided to parties-in-interest noted in the

_____
[1] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

111652992.v2       1

record; and it appearing that the relief requested is necessary to preserve Debtor's ongoing operations, and in light of the circumstances and the emergency nature of the relief requested it appearing that no further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Debtor is authorized to continue using its integrated Cash Management System as described in the Motion.

**IT IS FURTHER ORDERED** that Debtor is authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition Date"), (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to its status as debtor-in-possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession.

**IT IS FURTHER ORDERED** that, within forty-five (45) days of the entry of this Order, Debtor must file with the Court a declaration of Jeffrey Perea, Chief Restructuring Officer, detailing Debtor's compliance in transferring its pre-petition bank accounts maintained at First Republic Bank ("FRB") to debtor-in-possession bank accounts compliant with section 345 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, Debtor's books and records.

**IT IS FURTHER ORDERED** that, except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn ("Items") on the Bank Accounts after the Petition Date by the holders

or makers thereof, as the case may be; *provided, however,* that the Banks are not required to inspect any of the Items to determine when any such Item was issued, pre-petition or post-petition.

**IT IS FURTHER ORDERED** that, to the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to honor any debits made, drawn or issued in payment of prepetition claims; *provided, however,* that the Banks are not required to inspect any of the Items to determine when any such Item was issued, pre-petition or post-petition.

**IT IS FURTHER ORDERED** that Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

**IT IS FURTHER ORDERED** that Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts, and of any applicable laws, including statutes and rules.

**IT IS FURTHER ORDERED** that Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion.

**IT IS FURTHER ORDERED** that to the extent of any conflict between this Order and the *Interim Order (I) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Granting Adequate Protection Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, (III) Granting Liens and Superpriority Claims, and (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* (the "<u>Interim Cash Collateral Order</u>"), entered by the Court, the Interim Cash Collateral Order shall control.

**IT IS FURTHER ORDERED** that FRB asserts various setoff rights with respect to funds held on deposit as of the Petition Date in the accounts of the following Debtors: TD Venture Fund LLC, PD Solar, Inc., Red Rose, Inc., PetersenDean Hawaii, LLC, PetersenDean Roofing and Solar Systems, Inc., and PetersenDean Texas, Inc., pursuant to, *inter alia*, these Debtors' depository account agreements with FRB, the U.C.C., the common law, and 11 U.S.C. § 553(a). As a result of its claimed setoff rights, in addition to various express security agreements, FRB also asserts a security interest in the pre-petition funds to which it claims a setoff right pursuant to, *inter alia*, 11 U.S.C. § 506(a). Nothing in

this Order shall be deemed to modify, alter, diminish, increase, or affect in any way either FRB's or the Debtors' rights concerning FRB's claimed setoff rights and security interests, and all such rights and interests are hereby expressly reserved.

**IT IS FURTHER ORDERED** that Debtor and the Banks are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  *Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*


APPROVED/~~DISAPPROVED~~:

**OFFICE OF THE UNITED STATES TRUSTEE**

By  */s/ Edward M. McDonald Jr.*
    Edward M. McDonald Jr.,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

**ACF FINCO I, LP**

By    */s/ Gregory E. Garman*
    Gregory E. Garman
    Nevada Bar No. 6654
    Garman Turner Gordon LLP
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

**FIRST REPUBLIC BANK**

By */s/ Jamie K. Combs*
    Natalie L. Winslow
    Nevada Bar No. 12125
    Jamie K. Combs
    Nevada Bar No. 13088
    AKERMAN, LLP
    1635 Village Center Cir., Suite 200
    Las Vegas, NV 89134

**ZIONS BANCORPORATION, N.A.**

By    */s/ Michael Fletcher*
    Michael Fletcher
    Frandzel Robins Bloom & Csato, L.C.
    1000 Wilshire Boulevard, 19th Floor
    Los Angeles, CA 90017

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> EDWARD M. MCDONALD JR.,
> TRIAL ATTORNEY
> OFFICE OF THE UNITED STATES TRUSTEE
>
> __Approved__ / ~~Disapproved~~

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

111652992.v2